UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILBUR LEE ELLISON, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 2:20-cv-00468-MHH-HNJ |
| JOHN CROW, Warden, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Petitioner Wilbur Lee Ellison, acting *pro se*, filed this § 2254 habeas corpus action earlier this year. (Doc. 1; Doc. 14 at 3 n.4). Mr. Ellison challenges the calculation of his release date based upon his June 6, 2002, conviction in Shelby County Circuit Court for rape, sodomy, and sexual abuse. (Doc. 8 at 1-2). On July 6, 2020, the magistrate judge to whom the case was referred entered a report and recommendation pursuant to 28 U.S.C. § 636(b), and recommended that the Court dismiss this action. (Doc. 14). The magistrate judge found that Mr. Ellison has procedurally defaulted his claim, noted that exhaustion is not jurisdictional, and addressed Mr. Ellison's claim on its merits, finding no basis for federal habeas relief. (Doc. 14). Mr. Ellison and respondent John Crow have objected to the report. (Docs. 15 and 16).

Respondent Crow objects to the finding in the report that he waived exhaustion. (Doc. 15). The Court sustains the objection and notes that with respect to Mr. Ellison's current habeas petition, Warden Crow did not explicitly waive the requirement of state court exhaustion. With respect to exhaustion, the Eleventh Circuit has explained,

> Under § 2254(b), a federal court may not grant a writ of habeas corpus on a claim unless the petitioner has exhausted all available state court remedies regarding that claim. 28 U.S.C. § 2254(b). A petitioner cannot satisfy the exhaustion requirement if, with certain exceptions that are not applicable in this case, he has failed to avail himself of "any available procedure" by which he has the right to raise his claim in state court. *Id*. § 2254(c). If a petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 519–20 (1982); *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010). *But see* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

*Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013). The magistrate judge properly found that Mr. Ellison did not exhaust his state court remedies with respect to his state court habeas petition, and the time for exhaustion in state court has expired, so that his current challenge to his sentence is procedurally defaulted. (Doc. 14, pp. 4-7). For this reason, the Court will dismiss Mr. Ellison's federal habeas petition without prejudice. Because the state court's denial of Mr. Ellison's state habeas petition does not have a *res judicata* effect, whether or not Mr. Ellison exhausted his claim in the state courts does not bar him from again raising and exhausting his

claim. *See Shuttlesworth v. State*, 151 So.2d 734, 737 (Ala.Crim.App. 1962); *see also Brooks v. Ala. Brd. of Pardons and Paroles*, 644 So.2d 481, 483 (Ala.Crim. App. 1994) (The doctrine of *res judicata* has always been inapplicable to habeas corpus petitions.").

Mr. Ellison's objections to the magistrate judge's report concern the mertits of his federal habeas petition. Because this Court will not reach the merits, those objections are moot.[1]

Having reviewed the materials in the record, including the parties' objections and the magistrate judge's report and recommendation, the Court adopts the report's analysis of exhaustion and procedural default, sustains Warden Crow's objection with respect to waiver of exhaustion, and finds Mr. Ellison's objections concerning the analysis of the merits of his habeas petition moot because the Court does not reach the merits of his petition. By separate order, the Court will dismiss this action without prejudice. Because the exhaustion and procedural default issues are not debatable among jurists of reason, the Court will not issue a certificate of

---

[1] Mr. Ellison asserts that he "believes a writ of arrest was returned to Shelby County by the F.B.I. … at that same time [as his federal arrest], but [he] has been unable to compel the Shelby County Circuit Court to admit or deny that such documents exist." (Doc. 16, p. 2). Having searched the Shelby County records, the Court notes that no such documents appear in those court records. Each of the Shelby County dockets reflects an arrest date of March 6, 2002. *See State v. Ellison*, 58-CC-2002-000370.00, -000371.00, -000388.00, -000389.00, -000390.00, -000391.00, -000392.00, and -000393.00. This Court may take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dept. of Corr.*, 947 F.3d 649, 651-52 (11th Cir. 2020).

appealability.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), *Rules Governing § 2254 Proceedings*.

**DONE** and **ORDERED** this July 29, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE